```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**RUBBY JAMES GRAY,**

            **Plaintiff,**

      v.                              CASE NO. 12-3237-SAC

**(fnu) HINSHAW, Sedgwick County Sheriff, et al.,**

            **Defendants.**

## O R D E R

This civil rights complaint was filed pro se pursuant to 28 U.S.C. § 1983 by an inmate of the Sedgwick County Jail, Wichita, Kansas (SCJ).[1] The court has screened the complaint and finds it to be deficient in several ways. Plaintiff is given time to cure the deficiencies set forth in this order. If he fails to do so within the allotted time, this action may be dismissed without further notice.

**FILING FEE**

The statutory fee for filing a civil rights action in federal court is $350.00. Plaintiff has filed a motion to proceed without prepayment of fees. Under federal law, a prisoner seeking to bring a civil action in forma pauperis must submit a "certified copy" of his inmate trust fund account statement for the six-month period

---

[1] On December 12, 2012, plaintiff filed notice that he is no longer incarcerated, and of his new address. He incorrectly suggests that this action was filed in July 2012, when it was filed on November 19, 2012.

1

immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate jail or prison official. Mr. Gray has attached two handwritten pages to his form motion, which are not financial information but complaints about his treatment at the SCJ. These pages do not support his motion, and are not considered further in this action.

Mr. Gray is reminded that under § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a prisoner plaintiff of the obligation to pay the filing fee. Instead, it entitles him to pay that fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). If Mr. Gray becomes incarcerated again, he may be required to make monthly payments from his inmate account until the obligation he has incurred upon the filing of this action is paid in full.[2] Based upon the limited information received thus far regarding Mr. Gray's finances, the court finds that he is unable to pay the entire fee upfront and has not had sufficient balances or deposits in his inmate account so as to be required to pay an initial partial filing fee. Accordingly, his motion shall be granted. However, this order is subject to

---

[2] Each month that the amount in the inmate's account exceeds $10.00, the agency having custody of the inmate shall assess, deduct from the inmate's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the inmate's account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

change should any additional contrary information regarding Mr. Gray's finances come before the court.

**SCREENING**

At the time this complaint was filed, Mr. Gray was a prisoner and the court was required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  Even though plaintiff is no longer incarcerated, the court remains authorized to screen because he seeks leave to proceed without prepayment of fees.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal

3

theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Having applied these standards to the complaint filed herein, the court finds it is subject to being

4

dismissed for the following reasons.

**DEFENDANTS**

Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption of the complaint. It is elementary that a plaintiff must clearly designate each person from whom he is seeking money damages as a defendant. In the caption, plaintiff names "Sheriff Hinshaw/ Sheriff Bascun/ Director of Programs/ Medical Service: Ms. Alicia/ Ms. Sue D1844/ Ms. Aldrile Physicians Reg." Elsewhere in the complaint where he was directed to provide information on each defendant, he lists the defendants as Sheriff Hinshaw and Sheriff Bascun and "additional defendants" as Jail Deputy Hured, "Jail Deputy at Finney County Jail," Garden City, Kansas; and Sergeant Loving, Sergeant at Finney County Jail, Garden City, Kansas. Plaintiff is required to file an Amended Complaint upon court-approved forms. In this Amended Complaint, he must name every defendant that he is suing in the caption and then in the appropriate following paragraph provide information for each defendant named in the caption.

**FAILURE TO STATE A FEDERAL CONSTITUTIONAL CLAIM**

In the spaces in the form complaint for "Count I, Count II and Count III", plaintiff should have stated which of his federal constitutional rights he believes was violated. He did not. The

5

court will not construct a legal theory on plaintiff's behalf. Thus, he has failed to state a federal constitutional claim.

In the space for supporting facts that follows each Count, plaintiff should have set forth the facts on which the claim stated in that Count is based. Mr. Gray has improperly recited a string of facts in both spaces. The court discusses each Count and its deficiencies below.

**COUNT I**

As his Count I claim and facts, plaintiff alleges as follows. On July 13, 2012, he was prescribed medication for arthritis and a nasal spray for sinus and breathing problems. He asked for this medication for nearly a month and did not get it until August 7, 2012. About July 16, 2012, he was given medication that he is allergic to – Ibuprofen. He was charged for the Ibuprofen. "The clinic" is very disrespectful and unprofessional. He has had problems with his medication at SCJ the whole time. He mentions "Medical Neglegance (sic) and malpractice."

In this string of statements, plaintiff does not refer to any defendant and explain what that defendant did to him. Nor does he describe any serious injury that resulted from the acts of each defendant. As noted, he also has failed to specify the particular federal constitutional provision that he believes was violated. Neither negligence nor malpractice is sufficient to state a claim

in federal court under § 1983.

**COUNT II**

As Count II, plaintiff alleges the following. On July 18, 2012, the clinic at the SCJ ("Con Med") took x-rays of his finger. "They cleared him to be moved out of county." He was moved without his medication and x-ray results.

An essential element of a civil rights claim is the personal participation of each defendant. In this string of statements, plaintiff again does not refer to a single defendant by name and explain what that defendant did to him. Nor does he tell how any named defendant actually harmed him. In fact, Mr. Gray does not describe the personal acts of any named defendant under either Count I or Count II. He does not satisfy the personal participation element by stating elsewhere in the complaint that defendants Hinshaw and Bascun were responsible for his safety and well-being and that he "wrote several complaints."

It appears that plaintiff is complaining about having been transferred to Finney County Jail (FJC) on July 19, 2012. However, he has no federal constitutional right to remain at a particular jail. Furthermore, a delay in medical treatment including the receipt of medication or test results, is not sufficient to state a federal constitutional claim without a showing of substantial harm. No such harm is described in the complaint.

7

Plaintiff alleges other facts under this Count that appear to relate to his Count III allegations instead, and they are discussed under Count III.

**COUNT III**

As his Count III, plaintiff alleges that while he was at the Finney County Jail he was subjected to sexual harassment, racial discrimination, most of the medical negligent (sic), threats, and misconduct. He further alleges the following. "They didn't even have a nurse there" for the 12 days he was there. "They are racist and very discriminating people." Sergeant Loving, a jailer, was acting as "nurse, administrator, and everything else when it came to my medical needs." Obviously, most of these statements are completely conclusory, and none describes any serious harm that resulted to plaintiff.

In the "background" section of his complaint, plaintiff alleged the following other facts regarding his stay at FCJ. He was booked into FCJ by defendant Hured who told him to bend over and spread his "butt cheeks" then made the "very racist and a sexual harassment or misconduct remark" to plaintiff that "all black guys have fat butt cheeks." These facts, taken as true, suggest that plaintiff was subjected to a body cavity search rather than sexual harassment or sexual misconduct. Moreover, even though a racist remark is very unprofessional and inappropriate, it is well-settled that an

8

incident of verbal harassment by a jail or prison guard does not give rise to a claim of federal constitutional violation.

Plaintiff also alleges that on July 21, 2012, he was locked down for 24 hours by the "jail deputy" who "worked the pod (he) was in;" and feeling it was unjustified, he "wrote it up" and called "him" a racist and some other things." A day or two later Sergeant Loving came to his cell and threatened him to keep quiet and do as he was told or she would put him somewhere he would not like. Elsewhere in the complaint, he alleges that Loving threatened him and lied about him faking a heart attack. The court repeats that verbal threats do not state a federal constitutional claim. Plaintiff also alleges that Loving caused him to be locked down at the SCJ for 15 days, but this claim is not supported by any facts whatsoever. In any event, an inmate has no liberty interest in remaining in general population or a particular security classification. It follows that being placed on lock-down status without more does not show that any federal constitutional right was violated.

In addition, plaintiff cannot sue persons who worked at the SCJ based on incidents at the SCJ in the same complaint as he sues different persons who worked at the FCJ based on incidents that occurred at the SCJ. This is because claims against different defendants arising out of unrelated events must be brought in separate lawsuits. Thus, plaintiff may not include claims in his Amended Complaint against employees at both jails.

9

Finally, the court notes that plaintiff fails to allege any facts under his Counts that describe actions taken by the following listed defendants: Sheriff Hinshaw, Sheriff Bascun, Director of Programs, Medical Service: Ms. Alicia, Ms. Sue D1844, and Ms. Aldrile Physicians Reg. Consequently, he utterly fails to state a claim against any of these persons.

For all the foregoing reasons, the court finds that plaintiff has failed to state a federal constitutional claim against any named defendant. Plaintiff is given time to file an Amended Complaint in which he cures the deficiencies discussed above. If he fails to comply within the time allotted, this action may be dismissed without further notice.

Plaintiff is advised that he must write the word "Amended" and the number of this case (12-3237) on the first page of his new complaint. He is warned that his Amended Complaint will completely supersede his original complaint, and he may not simply refer to the earlier complaint. Instead, his Amended Complaint must contain all claims and allegations he intends to present in this lawsuit. Any claims not included in the Amended Complaint shall not be considered.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days in which to file an Amended Complaint that cures all the deficiencies discussed herein, or this matter may be dismissed without further

10

notice for failure to state a claim.

The clerk is directed to send 1983 forms to plaintiff at his current address.

**IT IS SO ORDERED.**

Dated this 10th day of January, 2013, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge